IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDSEY NICOLE DANIELSON,

        Plaintiff,

        v.                                     Civil Action No. 1:10-cv-125

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION
## CLAIMANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED

### I. Introduction

A.    Background

Plaintiff, Lindsey Nicole Danielson (hereinafter "Claimant"), filed her Complaint on August 13, 2010 seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (hereinafter "Commissioner").[1] Commissioner filed his Answer on October 12, 2010.[2] Claimant filed her Motion for Summary Judgment on February 1, 2011.[3] Commissioner filed his Motion for Summary Judgment on March 4, 2011.[4]

B.    The Pleadings

    1.    Plaintiff's Motion for Summary Judgment & Memorandum in Support.

---

[1] Dkt. No. 1.

[2] Dkt. No. 7.

[3] Dkt. No. 12.

[4] Dkt. No. 11.

1

2. <u>Defendant's Motion for Summary Judgment & Memorandum in Support</u>.

C.     <u>Recommendation</u>

For the following reasons, I recommend that:

1. Claimant's Motion for Summary Judgment be **<u>DENIED</u>** because the ALJ properly found Claimant's trust was a countable resource for purposes of determining entitlement to SSI benefits.

2. Commissioner's Motion for Summary Judgment be **<u>GRANTED</u>** for the same reasons.

## II. Facts

A.     <u>Procedural History</u>

Claimant filed an application Supplemental Security Income ("SSI") on October 20, 2003, alleging disability due to injuries to her pelvis area, right femur and head, as well as, internal injuries. (Tr. 39, 71-72). The application was initially denied on March 2, 2004 and on reconsideration on August 10, 2004 (Tr. 32, 39). Claimant requested a hearing before an Administrative Law Judge (hereinafter "ALJ") on September 23, 2004, and received a hearing on April 11, 2005 before the ALJ in Parkersburg, West Virginia. (Tr. 42, 50).

On May 27, 2005, the ALJ issued a decision favorable to Claimant finding that Claimant "was disabled as of her supplemental security income application protectively filed on October 20, 2003." (Tr. 15). The ALJ's decision was then sent for review but it was denied because "[C]laimant was considered to have resources in excess of $2,000" due to a trust held in Claimant's name. (Tr. 15). A supplemental hearing was held on January 12, 2006 in Parkersburg, West Virginia where Claimant appeared and her attorney appeared and presented a

second copy of the trust. (Id.). Based on the trust provided at the supplemental hearing, the ALJ determined Claimant was eligible for SSI benefits because Claimant was not the sole beneficiary of the trust and issued a decision to that effect. (Tr. 15). The decision, again, was sent for review but because two different copies of the trust document existed, the case was returned to the ALJ for clarification. (Tr. 15-16). The ALJ undertook an examination of the various trust documents in the record, and requested a certified copy of the trust from the Circuit Court Clerk of Pleasants County, West Virginia. (Tr. 16). The ALJ issued a decision denying Claimant SSI benefits on February 19, 2008 because Claimant's trust was a countable resource for purposes of determining entitlement to SSI benefits. (Tr. 20).

B. Personal History

Claimant's personal history is not at issue in this action.

C. Medical History

Claimant's medical history is not at issue in this action.

D. Testimonial Evidence

There was no evidentiary hearing.

E. Lifestyle Evidence

Claimant's lifestyle evidence is not at issue in this action.

### III. The Motions for Summary Judgment

A. Contentions of the Parties

In support of her Motion for Summary Judgment, Claimant argues the ALJ's decision denying Claimant SSI benefits is in error. Specifically, Claimant contends the trust established in her name is not countable for purposes of determining her eligibility to receive SSI benefits

3

for several reasons. First, Claimant asserts that "the Trust in the present matter clearly fulfills each of the criteria in 42 U.S.C.A. [sic] §1396p (d)(4)(A)." See Pl.'s Mot. For Summ. J., Pg. 13 (Dkt. 12). Second, Claimant argues the trust "was established by the Circuit Court of Pleasants County, West Virginia...." See Pl.'s Mot. For Summ. J., Pg. 14 (Dkt. 12). Claimant argues that, because of this, the Circuit Court of Pleasants County, West Virginia, and not Claimant, is the grantor of the trust. Third, Claimant argues she is not the sole beneficiary of the trust because "any assets remaining in the Trust upon [Claimant's] death and after the distribution to the State will be transferred to her estate...." Id. at 15. Lastly, although Claimant argues her trust is irrevocable, Claimant contends 42 U.S.C. §1396p (d)(4)(A) is silent regarding whether a trust has to be irrevocable to avoid being counted as a resource for purposes of determining SSI benefits. Id. at 16.

Commissioner asserts two arguments in opposition to Claimant's Motion for Summary Judgment. First, Commissioner argues substantial evidence supports the ALJ's determination to reopen his July 28, 2006 decision because that decision was obtained by fraud or similar fault. See Def.'s Mot. for Summ. J., Pg. 6 (Dkt. 16). Commissioner contends that four trust documents have been presented in the action and, for ease of reference, Commissioner named the various trust documents Trust I- Trust IV. Commissioner contends Trust I, submitted by Claimant on August 16, 2005, and Trust IV, a certified copy from the state court obtained by the ALJ, contain no language regarding residual beneficiaries. Commissioner argues Trust II and Trust III are "altered versions of Trusts I and IV" because Trusts II and III contain language creating residual beneficiaries in the trust. Id. at 7. Commissioner asserts "[Claimant] made changes to state court documents without authority and submitted the altered documents to the agency to further

4

[Claimant's] chances of obtaining benefits." Id. at 8. Therefore, Commissioner argues the ALJ's actions were appropriate.

Commissioner also contends the ALJ properly determined Claimant's trust was a resource countable for purposes of determining entitlement to SSI benefits. Specifically, Commissioner asserts that the trust in issue, while it says it is irrevocable, has language providing that anything remaining in it after Claimant's death will be assigned to Claimant's estate. Id. at 10. The absence of language regarding any residual beneficiaries, Commissioner asserts, establishes that Claimant is the sole beneficiary of this trust. Additionally, Commissioner argues the "unspecified 'governmental agency'" identified in the trust is not a residual beneficiary but merely a creditor of the trust. See Def.'s Mot. for Summ. J., Pg. 11 (Dkt. 16). Commissioner also states that the Circuit Court of Pleasants County is not the grantor of the trust because it "provided no consideration for the creation of the trust" but only directed that Claimant's funds from the civil "settlement be set aside in a trust." Id. at 12. Lastly, Commissioner contends Claimant's argument that "there is no requirement under 42 U.S.C. §1396p (d)(4)(A) that the Trust be irrevocable" is without merit because the social security agency must still apply its own rules to determine whether the trust is a countable resource. Id.

B.  Discussion

Initially, the Court notes that although the Social Security Administration's Program Operations Manual System is not legally binding, the Court will give controlling weight to the agency's interpretation of its own regulation unless it is arbitrary, capricious, or contrary to law. See McNamar v. Apfel, 172 F.3d 764, 766 (10th Cir. 1999); Bubnis v. Apfel, 150 F.3d 177, 181

(2d Cir. 1998) (holding that the POMS deserves "substantial deference, and will not be disturbed as long as...reasonable and consistent with the statute."); Davis v. Secretary of Health & Human Servs., 867 F.2d 336, 340 (6th Cir. 1989) (stating that although POMS lacks force of law, it is persuasive). The Court has accordingly reviewed the POM provisions relevant to the current matter and finds Claimant's argument that the SSA's POM guidelines are arbitrary and capricious to be without merit. See Wilson v. Apfel, 81 F. Supp. 649, 653 (W.D. Va. 2000) (finding POM guidelines entitled to deference).

> 1. **Whether Substantial Evidence Supports the ALJ's Determination To Reopen His Decision Dated July 28, 2006 Because Claimant's Favorable Decision Was Obtained By Fraud or Similar Fault**

Claimant does not address this issue in her brief.

Commissioner argues that there are four trust documents in the record: Trust I, Trust II, Trust III, and Trust IV. All four trust documents are titled "Lindsey Danielson Trust" but two of the trust documents, Trust II and Trust III, contain variations from Trust I and Trust IV. Commissioner contends "Trusts II and III are altered versions of Trusts I and IV" and asserts that "[Claimant] replaced the pages containing material terms found in Trusts I and IV" for purposes of entitlement to SSI. See Def.'s Mot. for Summ. J., Pg. 7-8 (Dkt. 16). Commissioner asserts that it was within the ALJ's authority to reopen the ALJ's decision of July 28, 2006 because it was obtained by fraud or similar fault. Id. at 8.

Under the Social Security Regulations, a determination may be reopened at any time if it was obtained by fraud or similar fault. 20 C.F.R. §416.1488. In determining whether a determination or decision was obtained by fraud or similar fault, the Commissioner will take into account any physical, mental, educational, or linguistic limitations which the claimant may have

had at that time. Id. The SSA's Program Operations Manual ("POM") § GN 04020.010 defines "fraud" in this context as follows:

> 1. Fraud exists when a person either:
>    a. Makes or causes to be made with intent to defraud, a false statement or misrepresentation of a material fact for use in determining rights to Social Security benefits; or
>    b. With intent to defraud, conceals or fails to disclose a material fact for use in determining rights to Social Security benefits.

SSA Program Operations Manual § GN 04020.010.

"Similar fault is involved with respect to a determination if an incorrect or incomplete statement that is material to the determination is knowingly made or information that is material to the determination is knowingly concealed." 42 U.S.C. §405 (u)(2)(A)-(B). The SSA Program Operations Manual provides that to reopen a determination on grounds of fraud or similar fault, there must be a preponderance of evidence to prove the existence of fraud. If fraud cannot be established, *i.e.* there is no preponderance of evidence establishing both knowledge and intent, but it is established that claimant did something wrong, *i.e.* knowingly taking action but intent cannot be established, then similar fault is established and reopening of a decision is permissible. When an ALJ determines fraud or similar fault in this context has occurred, the reviewing court's inquiry is whether the ALJ"s finding is supported by substantial evidence. Britton v. Sullivan, 908 F.2d 328, 330 (9th Cir. 1990). The grounds for reopening, however, must be narrowly applied when proceeding against a claimant. Dugan v. Sullivan, 957 F.2d 1384, 1389 (7th Cir. 1992). The regulations should be liberally applied in favor of beneficiaries because errors can cause considerable hardship to claimants. See McCuin v. Sec'y of HHS, 817 F.2d 161, 174 (1st Cir. 1987); Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975).

Construing the record liberally in favor of Claimant, the Court finds substantial evidence supports the ALJ's decision to reopen the July 28, 2006 decision. The ALJ stated in his decision that "the claimant, or her attorney on her behalf, submitted evidence, i.e., the purported Trust documents..., which evidence is, at best, misleading and, at worst, deliberately fraudulent." See Transcript, pg. 18. The ALJ outlines the differences between the various trust documents. For example, the ALJ states, "[i]n the version of the Trust submitted to [the] social security office, and the Trust document on file with the Circuit Court Clerk of Pleasants County, West Virginia, there is no reference to a residual beneficiary," whereas, "in the version of the trust document submitted by Claimant's attorney, the terms of the Trust provide [for a residual beneficiaries provision]." Id. Other evidence in the record also lends support to the ALJ's finding. The ALJ emphasized other differences between the trust documents in making his determination that fraud or similar fault existed. The AL wrote "[i]t is noteworthy that the two versions of the Trust document not only contain differing provisions regarding residual beneficiaries, but are typed in differing fonts with the page numbers differing in style, despite having been submitted with identical Trust document signature pages...and with the same order of the Circuit Court of Pleasants County, West Virginia...." Id. at 16. To clarify the record, the ALJ then received a letter from Claimant's attorney indicating that the certified copy of the trust (Trust IV) was the only trust document signed by the Circuit Court of Pleasants County, West Virginia. Given the evidence referenced by the ALJ in his decision to reopen, the Court finds the ALJ's finding of fraud or similar fault to be supported by substantial evidence.

## 2. Whether the Trust is a Countable Resource for Purposes of Determining Entitlement to SSI Benefits

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3) (2010). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 664-65 (1988); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). The Court need not defer to conclusion of law, however, and if the Commissioner commits an error of law, the Court may reverse without regard to the volume of evidence in support of the factual findings. White v. Apfel, 167 F.3d 369, 373 (7th Cir. 1999).

### a. Irrevocability of Claimant's Trust

Federal regulations prohibit a person from collecting SSI benefits if that person has more than $2,000 in resources available for care or maintenance. 42 U.S.C. §1382(a). Although the statute does not define the term "resources," the regulations promulgated by the SSA define the term as follows:

> Resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance...if the

> individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

20 C.F.R. §416.1201(a).

In determining whether a trust is a resource, countable for purposes of entitlement to SSI benefits, the Social Security Administration Program Operation Manual provides that "if an individual does not have the legal authority to revoke the trust or direct the use of the trust assets for his/her own support and maintenance, the trust principal **is not** the individual's resource for SSI purposes." POMS SI 01120.200(D)(2) (emphasis in original). Whether a trust is revocable depends on the terms of the trust agreement as well as state law. Id.

To determine whether Claimant's trust is revocable, the Social Security Administration looks to West Virginia state law. In West Virginia, if there are no other beneficiaries to a trust, other than the settlor, a settlor-sole beneficiary can revoke a trust despite language of irrevocability in the trust instrument. Gavitt v. Swiger, 248 S.E.2d 849, 851 (W. Va. 1978); see also Angle v. Marshall, 47 S.E. 882, 885-86 (W. Va. 1904) ("The power of revocation in a trust exists even though it be expressly stipulated that the agency is irrevocable or exclusive.").

### b. Ascertainment of the Proper Settlor of Claimant's Trust

Under West Virginia law, a trust is a legal relation between two or more persons by virtue of which one is bound to hold property to which he has the legal title, for the use or benefit of the other or others who have an equitable title or interest. Dadisman v. Moore, 181 W. Va. 779, 784 (W. Va. 1988). The person holding the legal title or interest is called the trustee, and the individual having the equitable interest and entitled to the benefit is the beneficiary. Id. The person creating the trust is called the trustor or settlor. Id. See also POMS SI 01120.200

(B)(2); POMS SI 01120.200(L)(3) (stating true settlor of trust is individual whose assets formed trust).

Claimant argues the Trust was established by the Circuit Court of Pleasants County, West Virginia and, therefore, is the settlor. Commissioner contends that although the Circuit Court of Pleasants County, West Virginia is listed as the settlor of the Trust, that Claimant is the true settlor. Without relevant case law from West Virginia, the Court considers Commissioner's proffered case law from the Second Circuit Court of Appeals. In Lehman v. Commissioner of Internal Revenue, 109 F.2d 99 (2d Cir. 1940), the court there found that the person furnishing consideration for the creation of a trust is the settlor despite, in form, the trust is created by another. Other Circuits have found have found similarly. See Samuel v. Commissioner, 306 F.2d 682 (1st Cir. 1962) (finding real settlor of trust to be decedent who furnished securities which comprised the corpus of the trust); In re Lueders' Estate, 164 F.2d 128 (3d Cir. 1947) (finding one who furnished consideration for creation of trust is settlor, even though form of trust created by another); In re Brooks, 844 F.2d 258 (5th Cir. 1988) ("The mold in which a transaction is cast does not determine who is the settlor of a trust. The person who provides the consideration for a trust is the settlor even if another person or entity nominally creates the trust."); McLain v. Jarecki, 232 F.2d 211 (7th Cir. 1956) ("A person becomes the settlor of a trust if he supplies the consideration, in spite of another person's mechanical declaration of the trust."); Security Pac. Bank Wash. V. Chang, 80 F.3d 1412 (9th Cir. 1996) (finding settlor is one who creates a trust and actual active operation of trust does not begin until trust is funded, *i.e.* until properties are transferred to trust by settlor); In re Jordan, 914 F.2d 197 (9th Cir. 1990) ("One who furnished the consideration necessary to induce another to create a trust is the settlor

of the trust when it is created."). Without any precedent available from the Fourth Circuit Court of Appeals, the Court finds Claimant to be the true grantor of the trust in question because it was the proceeds from her civil settlement which created the trust corpus. Tellingly, the language used by the Circuit Court of Pleasants County, West Virginia suggests it is not the settlor. For example, the court ordered "that The Lindsey Danielson Trust, *in the form as presented to the Court in the Petition*...be established." (emphasis added). The Circuit Court of Pleasants County, West Virginia only nominally created the trust for the benefit of Claimant. Accordingly, Claimant's argument in this regard is without merit.

  c. **Existence of Other Beneficiaries in Claimant's Trust**

The final issue for review is whether substantial evidence supports the ALJ's finding that Claimant is the sole beneficiary of the Trust. In West Virginia, courts determine the intent of a trust settlor by ascertaining it from the instrument itself. See Gibney v. Fitzsimmons, 32 S.E. 189 (W. Va. 1898). If the language used is susceptible of more than one interpretation, courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and the subject-matter of the instrument. Id. "A 'beneficiary' as it relates to a trust beneficiary, includes a person who has any present or future interest, vested or contingent, and also includes the owner of an interest by assignment or other transfer." W. Va. Code §42-1-1. In West Virginia, "[w]hether and under what circumstances and to what extent a beneficiary...is entitled to receive a part or the whole of the principal, depends on the terms of the trust. Smith v. First Cmt. Bancshares, 575 S.E.2d 419, 426 (W. Va. 2002).

Analyzing the terms of the trust, the Court finds substantial evidence supports the ALJ's determination that the trust is a countable resource. The Court does not find that the trust

12

intended to treat the "state governmental agency," referenced in Section 4.2(a) of the trust as a beneficiary due to the differing language used in Section 4.2(b). Provision (a) reads as follows: "...upon [Claimant's] death any principal and interest remaining in the Trust shall be *paid first* to any state governmental agency up to an amount equal to the total medical assistance." (Tr. 589) (emphasis added). Provision (b) provides that "[u]pon [Claimant's] death any assets remaining in the Trust Estate, after payments made under 4.2(a) above, shall be *paid over, delivered and conveyed*." (Id.) (emphasis added). The Court was unable to locate any relevant West Virginia statute or case law, however, interpreting the language used in the trust document will suffice. The Court finds Claimant's trust lacks any other residual beneficiaries and that the language used in Claimant's trust treats the state governmental agencies as creditors. Those agencies are to be paid before the trust res is distributed and the agencies are only to receive that which was expended for Claimant's care and no more. The language in provision (b) provides what the trustees must do with the trust res after Claimant's creditors have been repaid. Most tellingly, the trust document does not explicitly name any other beneficiaries to Claimant's trust and Claimant's argument that the trust indirectly names "state governmental agenc[ies]" as beneficiaries is unpersuasive. Accordingly, Claimant's argument must fail.

## IV. Recommendation

For the foregoing reasons, I recommend that:

    1.    Claimant's Motion for Summary Judgment be **<u>DENIED</u>** because the ALJ properly found Claimant's trust was a countable resource for purposes of determining entitlement to SSI benefits.

    2.    Commissioner's Motion for Summary Judgment be **<u>GRANTED</u>** for the same

13

reasons.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days of the date of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: March 28, 2011 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE